NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE M. SMALL, | Civil Action No.: 06-4722 (JLL) |
| Plaintiff, | |
| v. | |
| CONOCO PHILLIPS, | **O P I N I O N** |
| Defendant. | |

**APPEARANCES:**

Jane M. Small
794 Main Street
Rahway, NJ 07065
     Plaintiff, pro se

**LINARES**, **District Judge:**

     Plaintiff pro se Jane M. Small seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on her affidavit of indigence, the Court (1) grants Ms. Small's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security.  28 U.S.C. § 1915(a).

     Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that while Ms. Small's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Ms. Small should be afforded an opportunity to amend so as to cure the defects discussed herein.

**I. BACKGROUND**

Plaintiff filed a Complaint that was received by the Court on October 2, 2006. The Complaint alleges that her employment with Conoco Phillips was terminated in a manner which violated her rights under Title VII of the Civil Rights Act of 1964, and in particular, that the alleged discriminatory acts occurred on February 14, 2006. (Complaint ¶¶ 1, 5). Plaintiff alleges that this suit is brought because of Defendant's "[d]enial of medical treatment at time of firing. Told to leave incident of B [sic]. Pressure rising to 200 medical department wouldn't treat me [sic]." (Complaint ¶ 9). Additionally, Plaintiff indicates that she was discriminated against by the Defendant on the basis of her race, color, sex and national origin. (Complaint ¶ 10). The Complaint further indicates that Plaintiff filed charges with the N.J. Division on Civil Rights on April 21, 2006, and with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2006 (Complaint ¶¶ 6, 7). Plaintiff indicates that she was issued a Notice-of-Right-to-Sue letter by the EEOC on July 3, 2006. (Complaint ¶ 8). Aside from these allegations, Plaintiff presents no additional facts in support of her claim.

**II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL**

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   TITLE VII CLAIMS

Plaintiff alleges that she was terminated from her employment with the Defendant in a manner which violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (Complaint ¶¶ 1, 9). In particular, Plaintiff alleges that Defendant's conduct was discriminatory with respect to Plaintiff's race, color, sex and national origin. (Complaint ¶ 10).

Prior to the institution of any action under Title VII, a plaintiff must timely file his or her claim with the EEOC and receive a right to sue letter from the agency. 42 U.S.C. § 2000e-5. A timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, but rather, a requirement comparable to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Anjelino v. The New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Accordingly, claims brought pursuant to Title VII can be dismissed for failure to exhaust such administrative remedies. Anjelino, 200 F.3d at 87-88; Knoll v. Springfield Twp. Sch. Dist., 699 F.2d 137, 145 (3d Cir. 1983), vacated on other grounds, 471 U.S. 288 (1985); Santiago v. City of Vineland, 107 F. Supp 2d 512, 528 (D.N.J. 2000).

Although Plaintiff indicates that she filed a charge with the EEOC on April 21, 2006 (Complaint ¶ 7), and that she received a Notice-of-Right-to-Sue letter on July 3, 2006 (Complaint ¶ 8), the Court notes that Plaintiff did not attach a copy of said charge to her Complaint. See Complaint ¶ 11 (stating that "[a] copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of your claim."). As such, Plaintiff has failed to provide proof that she has exhausted her administrative remedies prior to the institution of this action, as required for claims brought under 42 U.S.C. § 2000e-5. Nevertheless, the Court will proceed in its analysis of the Complaint.

**IV. ANALYSIS**

Because Plaintiff is proceeding pro se, the Court construes her Complaint in the way most favorable to her. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971). After resolving all ambiguities in favor of Ms. Small, the Court finds, however, that her claims lack factual support. While Plaintiff makes several accusations, the accusations are wholly unsupported by any facts.

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This has not been done. Although Plaintiff alleges that Defendant's conduct was discriminatory with respect to her race, color, sex and national origin, and that this discrimination occurred on February 14, 2006, Plaintiff has provided absolutely no facts in support of her claim which would entitle her to relief.

## V. CONCLUSION

Given the foregoing, the Court dismisses Plaintiff's Complaint without prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, but permits Plaintiff to file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order addressing the deficiencies set forth herein. See Denton, 504 U.S. at 34. If Plaintiff fails to amend her Complaint within thirty (30) days, her Complaint will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Dated: October 17, 2006

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE